**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| TAASERA LICENSING LLC, | ) | Case No.  2:26-cv-00391 |
|  | ) |  |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| BITDEFENDER HOLDING B.V., | ) |  |
| BITDEFENDER NETHERLANDS B.V., and | ) |  |
| BITDEFENDER S.R.L., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Taasera Licensing LLC ("Taasera" or "Plaintiff") files this original Complaint against Bitdefender Holding B.V. ("Bitdefender Holding"), Bitdefender Netherlands B.V. ("Bitdefender Netherlands"), and Bitdefender S.R.L. ("Bitdefender S.R.L.") (collectively, "Defendants" or "Bitdefender") for patent infringement under 35 U.S.C. § 271 and alleges as follows:

**THE PARTIES**

1. Taasera is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 313 South Washington Street, Marshall, Texas 75670.

2. Upon information and belief, Defendant Bitdefender Holding B.V. is a company organized and existing under the laws of the Kingdom of the Netherlands, with its principal place of business at Maanweg 174, 2516 AB 's-Gravenhage (The Hague), the Netherlands, and may be served pursuant to the provisions of the Hague Convention.

3.      Upon information and belief, Defendant Bitdefender Netherlands B.V. is a company organized and existing under the laws of the Kingdom of the Netherlands, with its principal place of business at Maanweg 174 (Building C, 4th floor), 2516 AB 's-Gravenhage (The Hague), the Netherlands, and may be served pursuant to the provisions of the Hague Convention.

4.      Upon information and belief, Defendant Bitdefender S.R.L. is a Romanian company organized and existing under the laws of Romania, with its principal place of business at Şos. Orhideelor Nr. 15A, Clădirea Orhideea Towers, Etajele 10–12, Sector 6, Bucharest 060071, Romania, and may be served pursuant to the provisions of the Hague Convention.

5.      Upon information and belief, Bitdefender, directly or through subsidiaries or intermediaries, places its products and/or services, including those accused of infringement herein, into the stream of commerce which terminates in the Judicial District of the Eastern District of Texas.

6.      The parties to this action are properly joined under 35 U.S.C. § 299 because the right to relief asserted against Bitdefender jointly and severally arises out of the same series of transactions or occurrences relating to the making, using, offering to sell, selling and importing of the same products. Additionally, questions of fact common to all Bitdefender entities will arise in this action.

## **JURISDICTION AND VENUE**

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1367.

2.      This Court has specific and personal jurisdiction over Bitdefender consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Upon information and belief, Bitdefender has sufficient minimum contacts with the

forum because Bitdefender transacts substantial business in the State of Texas and in this Judicial District. Further, Bitdefender has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District and elsewhere throughout the United States, as alleged in this Complaint. For example, on information and belief, the Accused Instrumentality is available for purchase in this Judicial District.

3.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) and/or 1400(b) because, among other things, each Defendant is not a resident in the United States and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3), including in the Eastern District of Texas. Each of Bitdefender Holding B.V., Bitdefender Netherlands B.V., and Bitdefender S.R.L. is a foreign corporation organized under the laws of a foreign state with its principal place of business outside the United States, and accordingly each is subject to suit in any judicial district under 28 U.S.C. § 1391(c)(3).

4.      Venue is further proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because Bitdefender is subject to personal jurisdiction in this Judicial District and has committed acts of patent infringement in this Judicial District. On information and belief, Bitdefender, through its own acts and/or through the acts of others, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one.

**PATENTS-IN-SUIT**

5.      On March 2, 2010, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,673,137 entitled "System and Method for the Managed

Security Control of Processes on a Computer System" ("the '137 Patent"). A true and correct copy of the '137 Patent is attached hereto as Exhibit A.

6.    On December 4, 2012, the USPTO duly and legally issued U.S. Patent No. 8,327,441 entitled "System and Method for Application Attestation" ("the '441 Patent"). A true and correct copy of the '441 Patent is attached hereto as Exhibit B.

7.    On September 30, 2014, the USPTO duly and legally issued U.S. Patent No. 8,850,517 entitled "Runtime Risk Detection Based on User, Application, and System Action Sequence Correlation" ("the '517 Patent"). A true and correct copy of the '517 Patent is attached hereto as Exhibit C.

8.    On March 24, 2015, the USPTO duly and legally issued U.S. Patent No. 8,990,948 entitled "Systems and Methods for Orchestrating Runtime Operational Integrity" ("the '948 Patent"). A true and correct copy of the '948 Patent is attached hereto as Exhibit D.

9.    On June 30, 2015, the USPTO duly and legally issued U.S. Patent No. 9,071,518 entitled "Rules Based Actions for Mobile Device Management" ("the '518 Patent"). A true and correct copy of the '518 Patent is attached hereto as Exhibit E.

10.    Taasera is the sole and exclusive owner of all right, title, and interest in the '137, '441, '517, '948, and '518 Patents (collectively, the "Patents-in-Suit"), and it holds the exclusive right to take all actions necessary to enforce its rights in and to the Patents-in-Suit, including the filing of this patent infringement action. Taasera also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

11.    Taasera has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. On information and belief, any prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

12.    The '137 Patent, naming Thomas James Satterlee and William Frank Hackenberger as inventors, generally relates to managed security control of processes executing on a computing device. The '137 Patent discloses, among other things, techniques for validating a program before it executes and for monitoring the program at the operating system kernel when validation is incomplete, so that suspicious activity can be observed and addressed before the computing device is harmed. In one embodiment, a system for the managed security control of processes on a computing device is disclosed, including a pre-execution module that receives notice from an operating system that a new program is being loaded; a validation module that determines whether the program is valid; a detection module that intercepts a trigger from the operating system; and an execution module that monitors, at the operating system kernel of the computing device, the program in response to the trigger.

13.    The '441 Patent, naming Srinivas Kumar and Gurudatt Shashikumar as inventors, generally relates to application attestation. The '441 Patent discloses, among other things, an attestation service that examines a runtime execution context and a security context for an application running on a computing platform and generates an attestation result reflecting security risks associated with the application at runtime. In one embodiment, a method of providing an attestation service for an application at runtime executing on a computing platform using an attestation server is disclosed, including receiving by the attestation server a runtime execution context indicating attributes of the application at runtime, including executable file binaries of the application and loaded components of the application; receiving by the attestation server a security context having an execution analysis of the executable file binaries and the loaded components of the application; generating an attestation result indicating security risks associated with the

application at runtime, based on the received runtime execution context and security context; and sending the attestation result.

14.     The '517 Patent, naming Srinivas Kumar as inventor, generally relates to assessing runtime risk for an application or device based on the correlation of user, application, and system actions. The '517 Patent discloses, among other things, the use of rules that identify action sequences and assessment policies that include such rules to identify a runtime risk and to generate a behavior score reflecting that risk. In one embodiment, a method for assessing runtime risk for an application program is disclosed, including storing in a rules database a plurality of rules, each rule identifying an action sequence; storing in a policy database a plurality of assessment policies, each assessment policy including at least one rule; identifying a runtime risk using at least one of the assessment policies, the runtime risk indicating a risk or threat of the identified action sequence; and identifying, by a runtime monitor with a processing device, a behavior score based on the identified runtime risk, wherein an action sequence comprises at least two performed actions, each of the performed actions being a user action, an application action, or a system action.

15.     The '948 Patent, naming Srinivas Kumar and Dennis Pollutro as inventors, generally relates to orchestrating runtime operational integrity of applications on instrumented native computing environments. The '948 Patent discloses, among other things, monitoring an application's network dialogs, system operations, runtime configuration, resource utilization, and integrity through sensory inputs, and coordinating a network analyzer, integrity processor, event correlation matrix, risk correlation matrix, and trust supervisor to correlate threat classifications and present real-time status information in runtime dashboards. In one embodiment, a method of providing real-time operational integrity of an application on a native computing environment is disclosed, including monitoring, by sensory inputs, network dialogs, system operations, runtime configuration, resource utilization, and integrity of the application; generating real-time

6

behavior-based events; executing the application on the native computing environment, which includes a network analyzer, an integrity processor, an event correlation matrix, a risk correlation matrix, and a trust supervisor; correlating threat classifications based on a temporal sequence; and displaying, in runtime dashboards, real-time status indications.

16.    The '518 Patent, naming Jatin Malik, Ratnesh Singh, and Rajakumar Bopalli as inventors, generally relates to rules-based management of mobile devices across heterogeneous mobile operating systems. The '518 Patent discloses, among other things, gathering real-time status information about a plurality of mobile devices at a server, normalizing the status information so that administrator-defined rules can be applied uniformly across different mobile operating systems, and automatically initiating an action at the server in response to changes in the status information. In one embodiment, a method for providing device management services is disclosed, including gathering, at a server from a network, status information related to an operating state of a plurality of mobile devices using different mobile operating systems, the status information being gathered from a plurality of sources including each of the mobile devices in substantially real time; formatting the status information so that rules can be uniformly applied across the different mobile operating systems; evaluating administrator-defined rules; and automatically initiating, by the server, an action in response to the evaluating, the evaluating being performed automatically in response to changes in the status information.

17.    Bitdefender has infringed and continues to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import infringing products, including but not limited to, the Bitdefender GravityZone Platform, which includes endpoint-protection EDR/XDR/MDR, attack-surface-reduction, risk-management, behavioral-monitoring, runtime-risk-identification-and-scoring, threat-prevention, file-execution-analysis (static, dynamic, and sandbox-based), mobile-threat-

defense, mobile-device-management-and-integration, incident-investigation, telemetry, and enforcement functionality, including without limitation: (i) the GravityZone management console (Control Center); (ii) the Bitdefender Endpoint Security Tools (BEST) endpoint agent and its security modules, including without limitation Process Inspector / Advanced Threat Control, HyperDetect, Network Attack Defense, Sandbox Analyzer (and its Sandbox Prefilter), Anti-Phishing and Web Threat Protection, Antimalware modules, Content Control, and Device Control; (iii) the GravityZone EDR/XDR/MDR sensor and correlation framework, Incident Advisor, Root Cause Analysis, Severity Score, Risk Management module, Company Risk Score, Indicators of Risk catalog, and Proactive Hardening and Attack Surface Reduction (PHASR); (iv) the GravityZone Security for Mobile add-on (Mobile Threat Defense / MTD) and its Mobile Security console, the on-device GravityZone Mobile Client / MTD application installable on iOS, iPadOS, Android (including Samsung Knox), and Chromebook devices, the Bitdefender Security for Chrome browser extension on ChromeOS, and the on-device local VPN; (v) the rule and policy constructs across the platform, including without limitation the Threat Policy, Apps Policy, Phishing and Web Content Policy, and Samsung Knox MTD Policy on the mobile side, and the EDR Custom Detection rules, YARA detection rules, Integrity Monitoring rules, assessment policies and policy databases, rules databases, MITRE ATT&CK technique mapping, and Bitdefender Global Protective Network threat-intelligence feeds; and (vi) integrations with third-party MDM/UEM systems, SIEM systems, and the Google Admin Console for ChromeOS deployment, together with all related cloud services, agents, sensors, alerts, incidents, reports, dashboards, databases, APIs, telemetry stores, and management components (collectively, the "Accused Instrumentality" or the "GravityZone Platform").  The Accused Instrumentality infringes the claims of the Patents-in-Suit.

## COUNT I
### (Infringement of the '137 Patent)

18.    Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19.    Taasera has not licensed or otherwise authorized Bitdefender to make, use, offer for sale, sell, or import any products that embody the inventions of the '137 Patent.

20.    Bitdefender has and continues to directly and/or indirectly infringe one or more claims of the '137 Patent, including without limitation, claims 1 and 14 of the '137 Patent.

21.    Bitdefender has and continues to directly infringe the '137 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '137 Patent.

22.    Bitdefender has and continues to indirectly infringe one or more claims of the '137 Patent by knowingly and intentionally inducing others, including but not limited to, Bitdefender's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the '137 Patent.

23.    Bitdefender indirectly infringes one or more claims of the '137 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement of others, such as Bitdefender's customers and end-users, in this Judicial District and elsewhere in the United States. For example, Bitdefender's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their practice and use of the inventions claimed in the '137 Patent. Bitdefender induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Instrumentality, and providing instructions, documentation, and other information to customers and end-users urging them to use the Accused

9

Instrumentality in an infringing manner, including technical support, marketing, manuals, advertisements, and online documentation. Because of Bitdefender's inducement, Bitdefender's customers and end-users use the Accused Instrumentality and directly infringe the '137 Patent in a way Bitdefender intends. Upon information and belief, Bitdefender performs these affirmative acts with knowledge of the '137 Patent (at least as of the date of this Complaint) and with the intent, or willful blindness, that the induced acts directly infringe the '137 Patent.

24.    Bitdefender indirectly infringes one or more claims of the '137 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this Judicial District and elsewhere in the United States. Bitdefender's affirmative acts of selling and offering to sell the Accused Instrumentality in this Judicial District and elsewhere in the United States and causing the Accused Instrumentality to be manufactured, used, sold and offered for sale contribute to others' use and manufacture of the Accused Instrumentality, such that the '137 Patent is directly infringed by others. The accused components within the Accused Instrumentality are material to the inventions of the '137 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Bitdefender to be especially made or adapted for use in the infringement of the '137 Patent. Bitdefender performs these affirmative acts with knowledge of the '137 Patent (at least as of the date of this Complaint) and with intent, or willful blindness, that they cause the direct infringement of the '137 Patent.

25.    A preliminary chart mapping the elements of claims 1 and 14 of the '137 Patent to a representative Accused Instrumentality is attached hereto as Exhibit F.

26.    Taasera has suffered damages as a result of Bitdefender's direct and indirect infringement of the '137 Patent and is entitled to an award of monetary damages in an amount not less than a reasonable royalty, the precise amount to be proved at trial.

27.     Taasera has suffered, and will continue to suffer, irreparable harm as a result of Bitdefender's infringement of the '137 Patent, for which there is no adequate remedy at law, unless Bitdefender's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '441 Patent)

28.     Paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

29.     Taasera has not licensed or otherwise authorized Bitdefender to make, use, offer for sale, sell, or import any products that embody the inventions of the '441 Patent.

30.     Bitdefender has and continues to directly and/or indirectly infringe one or more claims of the '441 Patent, including without limitation, claim 1 of the '441 Patent.

31.     Bitdefender has and continues to directly infringe the '441 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '441 Patent.

32.     Bitdefender has and continues to indirectly infringe one or more claims of the '441 Patent by knowingly and intentionally inducing others, including but not limited to, Bitdefender's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the '441 Patent.

33.     Bitdefender indirectly infringes one or more claims of the '441 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement of others, such as Bitdefender's customers and end-users, in this Judicial District and elsewhere in the United States. For example, Bitdefender's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their practice and use of the inventions claimed in the '441 Patent. Bitdefender induces

this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Instrumentality, and providing instructions, documentation, and other information to customers and end-users urging them to use the Accused Instrumentality in an infringing manner, including technical support, marketing, manuals, advertisements, and online documentation. Because of Bitdefender's inducement, Bitdefender's customers and end-users use the Accused Instrumentality and directly infringe the '441 Patent in a way Bitdefender intends. Upon information and belief, Bitdefender performs these affirmative acts with knowledge of the '441 Patent (at least as of the date of this Complaint) and with the intent, or willful blindness, that the induced acts directly infringe the '441 Patent.

34.     Bitdefender indirectly infringes one or more claims of the '441 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this Judicial District and elsewhere in the United States. Bitdefender's affirmative acts of selling and offering to sell the Accused Instrumentality in this Judicial District and elsewhere in the United States and causing the Accused Instrumentality to be manufactured, used, sold and offered for sale contribute to others' use and manufacture of the Accused Instrumentality, such that the '441 Patent is directly infringed by others. The accused components within the Accused Instrumentality are material to the inventions of the '441 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Bitdefender to be especially made or adapted for use in the infringement of the '441 Patent. Bitdefender performs these affirmative acts with knowledge of the '441 Patent (at least as of the date of this Complaint) and with intent, or willful blindness, that they cause the direct infringement of the '441 Patent.

35.     A preliminary chart mapping the elements of claim 1 of the '441 Patent to a representative Accused Instrumentality is attached hereto as Exhibit G.

36.     Taasera has suffered damages as a result of Bitdefender's direct and indirect infringement of the '441 Patent and is entitled to an award of monetary damages in an amount not less than a reasonable royalty, the precise amount to be proved at trial.

37.     Taasera has suffered, and will continue to suffer, irreparable harm as a result of Bitdefender's infringement of the '441 Patent, for which there is no adequate remedy at law, unless Bitdefender's infringement is enjoined by this Court.

**COUNT III**
**(Infringement of the '517 Patent)**

38.     Paragraphs 1 through 37 are incorporated by reference as if fully set forth herein.

39.     Taasera has not licensed or otherwise authorized Bitdefender to make, use, offer for sale, sell, or import any products that embody the inventions of the '517 Patent.

40.     Bitdefender has and continues to directly and/or indirectly infringe one or more claims of the '517 Patent, including without limitation, claims 1 and 13 of the '517 Patent.

41.     Bitdefender has and continues to directly infringe the '517 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '517 Patent.

42.     Bitdefender has and continues to indirectly infringe one or more claims of the '517 Patent by knowingly and intentionally inducing others, including but not limited to, Bitdefender's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the '517 Patent.

43.     Bitdefender indirectly infringes one or more claims of the '517 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement of others, such as Bitdefender's customers and

13

end-users, in this Judicial District and elsewhere in the United States. For example, Bitdefender's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their practice and use of the inventions claimed in the '517 Patent. Bitdefender induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Instrumentality, and providing instructions, documentation, and other information to customers and end-users urging them to use the Accused Instrumentality in an infringing manner, including technical support, marketing, manuals, advertisements, and online documentation. Because of Bitdefender's inducement, Bitdefender's customers and end-users use the Accused Instrumentality and directly infringe the '517 Patent in a way Bitdefender intends. Upon information and belief, Bitdefender performs these affirmative acts with knowledge of the '517 Patent (at least as of the date of this Complaint) and with the intent, or willful blindness, that the induced acts directly infringe the '517 Patent.

44.    Bitdefender indirectly infringes one or more claims of the '517 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this Judicial District and elsewhere in the United States. Bitdefender's affirmative acts of selling and offering to sell the Accused Instrumentality in this Judicial District and elsewhere in the United States and causing the Accused Instrumentality to be manufactured, used, sold and offered for sale contribute to others' use and manufacture of the Accused Instrumentality, such that the '517 Patent is directly infringed by others. The accused components within the Accused Instrumentality are material to the inventions of the '517 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Bitdefender to be especially made or adapted for use in the infringement of the '517 Patent. Bitdefender performs these affirmative acts with knowledge of the '517 Patent (at least as of the date of this

14

Complaint) and with intent, or willful blindness, that they cause the direct infringement of the '517 Patent.

45.     A preliminary chart mapping the elements of claims 1 and 13 of the '517 Patent to a representative Accused Instrumentality is attached hereto as Exhibit H.

46.     Taasera has suffered damages as a result of Bitdefender's direct and indirect infringement of the '517 Patent and is entitled to an award of monetary damages in an amount not less than a reasonable royalty, the precise amount to be proved at trial.

47.     Taasera has suffered, and will continue to suffer, irreparable harm as a result of Bitdefender's infringement of the '517 Patent, for which there is no adequate remedy at law, unless Bitdefender's infringement is enjoined by this Court.

## COUNT IV
### (Infringement of the '948 Patent)

48.     Paragraphs 1 through 47 are incorporated by reference as if fully set forth herein.

49.     Taasera has not licensed or otherwise authorized Bitdefender to make, use, offer for sale, sell, or import any products that embody the inventions of the '948 Patent.

50.     Bitdefender has and continues to directly and/or indirectly infringe one or more claims of the '948 Patent, including without limitation, claim 1 of the '948 Patent.

51.     Bitdefender has and continues to directly infringe the '948 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '948 Patent.

52.     Bitdefender has and continues to indirectly infringe one or more claims of the '948 Patent by knowingly and intentionally inducing others, including but not limited to, Bitdefender's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents,

by making, using, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the '948 Patent.

53.     Bitdefender indirectly infringes one or more claims of the '948 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement of others, such as Bitdefender's customers and end-users, in this Judicial District and elsewhere in the United States. For example, Bitdefender's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their practice and use of the inventions claimed in the '948 Patent. Bitdefender induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Instrumentality, and providing instructions, documentation, and other information to customers and end-users urging them to use the Accused Instrumentality in an infringing manner, including technical support, marketing, manuals, advertisements, and online documentation. Because of Bitdefender's inducement, Bitdefender's customers and end-users use the Accused Instrumentality and directly infringe the '948 Patent in a way Bitdefender intends. Upon information and belief, Bitdefender performs these affirmative acts with knowledge of the '948 Patent (at least as of the date of this Complaint) and with the intent, or willful blindness, that the induced acts directly infringe the '948 Patent.

54.     Bitdefender indirectly infringes one or more claims of the '948 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this Judicial District and elsewhere in the United States. Bitdefender's affirmative acts of selling and offering to sell the Accused Instrumentality in this Judicial District and elsewhere in the United States and causing the Accused Instrumentality to be manufactured, used, sold and offered for sale contribute to others' use and manufacture of the Accused Instrumentality, such that the '948 Patent is directly infringed by others. The accused components within the Accused Instrumentality are material to the inventions of the '948 Patent, are not staple articles or

16

commodities of commerce, have no substantial non-infringing uses, and are known by Bitdefender to be especially made or adapted for use in the infringement of the '948 Patent. Bitdefender performs these affirmative acts with knowledge of the '948 Patent (at least as of the date of this Complaint) and with intent, or willful blindness, that they cause the direct infringement of the '948 Patent.

55.    A preliminary chart mapping the elements of claim 1 of the '948 Patent to a representative Accused Instrumentality is attached hereto as Exhibit I.

56.    Taasera has suffered damages as a result of Bitdefender's direct and indirect infringement of the '948 Patent and is entitled to an award of monetary damages in an amount not less than a reasonable royalty, the precise amount to be proved at trial.

57.    Taasera has suffered, and will continue to suffer, irreparable harm as a result of Bitdefender's infringement of the '948 Patent, for which there is no adequate remedy at law, unless Bitdefender's infringement is enjoined by this Court.

## COUNT V
### (Infringement of the '518 Patent)

58.    Paragraphs 1 through 57 are incorporated by reference as if fully set forth herein.

59.    Taasera has not licensed or otherwise authorized Bitdefender to make, use, offer for sale, sell, or import any products that embody the inventions of the '518 Patent.

60.    Bitdefender has and continues to directly and/or indirectly infringe one or more claims of the '518 Patent, including without limitation, claim 1 of the '518 Patent.

61.    Bitdefender has and continues to directly infringe the '518 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '518 Patent.

62. Bitdefender has and continues to indirectly infringe one or more claims of the '518 Patent by knowingly and intentionally inducing others, including but not limited to, Bitdefender's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that infringe one or more claims of the '518 Patent.

63. Bitdefender indirectly infringes one or more claims of the '518 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement of others, such as Bitdefender's customers and end-users, in this Judicial District and elsewhere in the United States. For example, Bitdefender's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their practice and use of the inventions claimed in the '518 Patent. Bitdefender induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Instrumentality, and providing instructions, documentation, and other information to customers and end-users urging them to use the Accused Instrumentality in an infringing manner, including technical support, marketing, manuals, advertisements, and online documentation. Because of Bitdefender's inducement, Bitdefender's customers and end-users use the Accused Instrumentality and directly infringe the '518 Patent in a way Bitdefender intends. Upon information and belief, Bitdefender performs these affirmative acts with knowledge of the '518 Patent (at least as of the date of this Complaint) and with the intent, or willful blindness, that the induced acts directly infringe the '518 Patent.

64. Bitdefender indirectly infringes one or more claims of the '518 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this Judicial District and elsewhere in the United States. Bitdefender's affirmative acts of selling and offering to sell the Accused Instrumentality in this Judicial District and elsewhere in the United States and causing the Accused Instrumentality to be manufactured, used,

18

sold and offered for sale contribute to others' use and manufacture of the Accused Instrumentality, such that the '518 Patent is directly infringed by others. The accused components within the Accused Instrumentality are material to the inventions of the '518 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Bitdefender to be especially made or adapted for use in the infringement of the '518 Patent. Bitdefender performs these affirmative acts with knowledge of the '518 Patent (at least as of the date of this Complaint) and with intent, or willful blindness, that they cause the direct infringement of the '518 Patent.

65. A preliminary chart mapping the elements of claim 1 of the '518 Patent to a representative Accused Instrumentality is attached hereto as Exhibit J.

66. Taasera has suffered damages as a result of Bitdefender's direct and indirect infringement of the '518 Patent and is entitled to an award of monetary damages in an amount not less than a reasonable royalty, the precise amount to be proved at trial.

67. Taasera has suffered, and will continue to suffer, irreparable harm as a result of Bitdefender's infringement of the '518 Patent, for which there is no adequate remedy at law, unless Bitdefender's infringement is enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Taasera prays for relief against Bitdefender as follows:

a. Entry of judgment declaring that Bitdefender has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. Entry of judgment declaring that Bitdefender's infringement of the Patents-in-Suit is willful;

c.    An order awarding damages sufficient to compensate Taasera for Bitdefender's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

d.    An order pursuant to 35 U.S.C. § 283 permanently enjoining Bitdefender, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of one or more of the Patents-in-Suit;

e.    Entry of judgment declaring that this case is exceptional and awarding Taasera its costs and reasonable attorneys' fees under 35 U.S.C. § 285;

f.    An accounting for acts of infringement;

g.    Such other equitable relief which may be requested and to which Taasera is entitled; and

h.    Such other and further relief as the Court deems just and proper.

Dated:  May 11, 2026                    Respectfully submitted,

                                        */s/ Bryan N. DeMatteo*
                                        Bryan N. DeMatteo
                                        NY Bar No. 4021267
                                        Email: bryan@demfirm.com
                                        **DeMatteo Law LLC**
                                        11028 Harbor Bay Drive
                                        Fishers, IN 46040
                                        Phone: 516-816-1571
                                        Fax: 732-301-9202

                                        *Attorney for Plaintiff,*
                                        *Taasera Licensing LLC*